# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **JOEY BUCHANAN** <br> 2001 Hullibarge Road <br> Harrod, Ohio 45850 <br>           Plaintiff, <br> <br> vs. <br> <br> **S&S/ SUPERIOR COACH COMPANY, INC.** <br> 2550 Central Point Parkway <br> Lima, Ohio 45804, <br> <br>   Also Serve: <br>   Registered Agents Inc. <br>   6545 Market Ave. North Ste. 100 <br>   North Canton, Ohio 44721 <br> <br> **SPV COACH COMPANY, INC. dba ARMBRUSTER STAGEWAY** <br> 79 N. 10th Street <br> Kansas City, Kansas 66102 <br> <br>           Defendants | **CASE NO. 3:20-cv-2842** <br> <br> **JUDGE:** <br> <br> <br> <br> <br> **C O M P L A I N T** <br> <br> **(Jury Demand Endorsed Hereon)** |

Plaintiff Joey Buchanan ("Plaintiff" or "Mr. Buchanan"), for his Complaint against the S&S / Superior Coach Company, Inc. ("S&S") and SPV Coach Company dba Armbruster Stageway ("SPV", collectively the "Defendants"), states as follows:

## I. PARTIES.

1. Plaintiff Joey Buchanan, is an individual who resides in Hardin County, Ohio, and was formerly employed as a plant manager with S&S.

2. Defendant S&S is entity incorporated under the laws of Ohio, and is an employer situated within Allen County, Ohio. At all times relevant, the S&S employed Mr. Buchanan.

3. Defendant SPV is an entity incorporated under the laws of Kansas, with its principal place of business located at 79 N. 10th Street, Kansas City, Kansas 66102. Upon information and

belief, SPV acts as a joint-employer, with S&S, to employ Mr. Buchanan.

## II. JURISDICTION AND VENUE.

4. This action arises pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621- *et seq.* and Chapter 4112 of the Ohio Revised Code.

5. This Court's jurisdiction arises under 28 U.S.C. § 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims arising under state law, pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the claims alleged arise in Allen County. Ohio, located in the Northern District of Ohio, Western Division.

## III. INTRODUCTION AND BACKGROUND.

7. Mr. Buchanan was employed by a predecessor company to S&S since 1984. He has worked at the same facility for nearly 20 years.

8. In or around August 2017, upon information and belief, SPV acquired S&S, and immediately terminated the majority of the staff.

9. At that time, upon information and belief, S&S and SPV shared or co-determined matters governing essential terms and conditions of employees of S&S, including Mr. Buchanan.

10. For all times herein, both Defendants SPV and S&S were joint employers of the employees ostensibly employed by Defendant S&S, including Mr. Buchanan.

11. That being the case, the personnel decisions of Defendant S&S's managers and supervisors impacting its employees were also attributable to Defendant SPV.

12. Mr. Buchanan was a supervisor at the time SPV acquired S&S in August 2017, and was retained by Defendants as the Plant Manager to help the transition run smoothly.

13. S&S representatives informed Mr. Buchanan that they would rehire good employees who were initially terminated; however, S&S only rehired younger, less experienced workers at lower wages.

14. Mr. Buchanan worked for S&S until May 31, 2019 when he was dismissed without warning or reason.

15. Mr. Buchanan was unaware of any disciplinary issues prior to his termination.

16. Near the time of Mr. Buchanan's termination, S&S also terminated the employment of other older, more experienced employees.

## IV.     ADMINISTRATIVE PROCEDURE

17. Prior to filing this action, Mr. Buchanan filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging the claims set forth in his Complaint.

18. The EEOC issued Mr. Buchanan a Dismissal and Notice of Rights on September 29, 2020. (*See* **Exhibit A**).

19. Mr. Buchanan has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

20. Mr. Buchanan has properly exhausted his administrative remedies pursuant to 29 C.F.R. §1614.407(b).

## COUNT I
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

21. Mr. Buchanan restates and realleges paragraphs 1 through 20 as if fully rewritten herein.

22. At the age of his termination, Mr. Buchanan was 57 years old.

23. Defendants S&S and SPV constituted a "joint employer" of Mr. Buchanan, in that,

they shared or co-determined matters governing the essential terms and conditions of employment, including the ability to hire, fire or discipline employees, affect their compensation and benefits, and direct and supervise their performance.

24. At all times relevant herein, Mr. Buchanan was an eligible employee of the Defendants within the meaning of 29 U.S.C. § 630.

25. At all times relevant herein, the Defendants were an employer of Mr. Buchanan within the meaning of 29 U.S.C. § 630.

26. Mr. Buchanan had been an exemplary employee throughout his nearly 20 year tenure with S&S and its predecessor. At the time of his termination, he was unaware of any disciplinary issues affecting his performance that would provide a legitimate reason for his termination.

27. Defendants also terminated other employees in the protected age class at or around the time of Mr. Buchanan's termination.

28. Defendants terminated Mr. Buchanan because of his age in violation of the Age Discrimination in Employment Act ("ADEA").

29. As a result of the Defendants' termination of his employment in violation of the ADEA, Mr. Buchanan has suffered damages in an amount to be determined at trial, but believed to be in excess of $75,000.00.

## COUNT II
## AGE DISCRIMINATION: VIOLATION OF OHIO REVISED CODE SECTIONS 4112.14 AND 4112.99

30. Mr. Buchanan restates and realleges paragraphs 1 through 29 of this Complaint as if fully rewritten herein.

31. By engaging in the conduct described above in Paragraphs 21 through 28, Defendants violated Section 4112.14 and 4112.99 of the Ohio Revised Code.

32. Since Defendants S&S and SPV shared and/or co-determined matters governing the essential terms and conditions of Mr. Buchanan's employment, including the ability to hire, fire or discipline, affect his compensation and benefits, and direct and supervise his performance, both Defendants S&S and SPV illegally violated Sections 4112.14 and .99 of the Ohio Revised Code.

33. As a result of the Defendants' violation of Sections 4112.14 and .99 of the Ohio Revised Code, Mr. Buchanan suffered damages in an amount to be determined at trial, but believed to be in excess of $75,000.00.

WHEREFORE, Plaintiff Joey Buchanan requests that this Court grant judgment in his favor and against Defendants S&S and SPV as follows:

A. Injunctive relief reinstating him to his position as Plant Manager for S&S;

B. As to Count I, liquidated damages awarded to Mr. Buchanan, for violations of the ADEA, back pay, plus front pay for a reasonable time into the future;

C. As to Count II, damages awarded to Mr. Buchanan, for violations of the ORC §4112.14 and 4112.99, including back pay, plus front pay for a reasonable time into the future;

D. An award of reasonable attorney fees and expenses; and

E. All such other and further relief as is just and proper.

/s/Christina C. Spallina
Robert J. Dubyak (0059869)
Christina C. Spallina (0088548)
**DUBYAK NELSON, LLC**
6105 Parkland Blvd, Suite 230
Mayfield Heights, OH 44124
PH: 216-364-0500 | FX: 216-364-0505
Email: rdubyak@dubyaknelson.com
         cspallina@dubyaknelson.com

*Attorneys for Plaintiff Joey Buchanan*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury in the manner specified by law.

/s/Christina C. Spallina
Christina C. Spallina (0088548)